IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME SHOWERS,

        Petitioner,

v.                                 CASE NO. 4:14-cv-567-MW-GRJ

SECRETARY, FLORIDA DEP'T
OF CORRECTIONS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, Petitioner's *pro se*
Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his
Petition, Petitioner contends that (1) the trial court lacked personal
jurisdiction because his name was not included in each count of the
Information, and (2) the trial court lacked subject matter jurisdiction
because the prosecutor signed Petitioner's Information without sworn
testimony from certain material witnesses. (ECF No. 1 at 5–9.) Respondent
filed a response, (ECF No. 10), along with relevant portions of the state-
court record. (ECF No. 10-1.) Petitioner then filed a reply. (ECF No. 12.)
Upon due consideration of the Petition, the Response, the state-court

record, and the Reply, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

In January 2013 Petitioner was charged by information with one count of burglary of a conveyance while armed with a firearm (Count 1) and two counts of grand theft of a firearm (Counts 2 and 3). (ECF No. 10-1 at 9.) Petitioner pleaded nolo contendere on June 10, 2013, and was adjudicated guilty on all three counts. (*Id.* at 16.) Petitioner received ten years' imprisonment for Count I and five years' imprisonment for Counts 2 and 3, to run concurrent with the sentence in Count 1. (*Id.* at 18–23.)

On January 16, 2014, Petitioner sought relief pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (*Id.* at 28–31.) Petitioner claimed the court imposed an illegal sentence on him because (1) the State failed to list any statutes or terms on the Information relating to the enhanced ten-year mandatory minimum sentence the State was seeking, and (2) the court erred in classifying Petitioner as a prison releasee reoffender ("PRR") because burglary of a conveyance is not a

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 4:14-cv-567-MW-GRJ*

qualifying offense. (*Id.* at 29–30.) The state court denied Petitioner's motion on January 23, 2014. (*Id.* at 34–35.) Petitioner did not appeal.

On May 22, 2014, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 55–77.) In his motion, Petitioner claimed that (1) the trial court had no personal jurisdiction over him because his name was not included in all three counts of the Information, (2) the trial court lacked subject matter jurisdiction because the State failed to get the sworn testimony of certain material witnesses before the Information was signed, (3) there was insufficient evidence to convict Petitioner of "armed" burglary of a conveyance, and (4) the State lacked subject matter jurisdiction because there was no probable cause affidavit for the arrest. (*Id.*) The trial court denied Petitioner's motion on May 28, 2014. (*Id.* at 78–79.)

Petitioner appealed the trial court's denial of his Rule 3.850 motion to the First District Court of Appeal ("First DCA"). (*Id.* at 101.) The First DCA *per curiam* affirmed the trial court's denial on September 5, 2014, and the mandate followed on October 8, 2014. (*Id.* at 104, 106.)

Petitioner provided the instant Petition to prison officials for mailing on October 22, 2014. (ECF No. 1.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v.*

*Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir. 1990). "The limitation on federal habeas review applies with equal force when a petition, which actually involves state law issues, is couched in terms of" alleged constitutional violations. *Branan*, 861 F.2d at 1508.

## DISCUSSION

**Ground One: Petitioner's claim that the trial court lacked personal jurisdiction because his name was not included in each count of the Information fails to provide a basis for federal habeas relief.**

Petitioner contends the trial court lacked personal jurisdiction because Petitioner's name was not included in each count of the Information. Petitioner argues that this means he was not charged with each count of the Information and therefore could not have been convicted of those charges. As a result, Petitioner says that his right to due process was violated under both the Florida Constitution and the U.S. Constitution. (ECF No. 1 at 5–6.)

The state court addressed the sufficiency of the Information when it denied this claim as raised in Petitioner's Rule 3.850 motion. Specifically,

the court found not only did he waive any irregularity in the Information but also "that defendant was adequately put on notice of the charges against him and that the information was legally sufficient." (ECF No. 10-1 at 78.) The First DCA affirmed. (*Id.* at 104, 106.)

To the extent that Petitioner challenges the trial court's personal jurisdiction based on the allegation that his Information failed to comply with state law—including the Florida Rules of Criminal Procedure and the Florida Constitution—based on the alleged omission of his name from each count on the Information, Petitioner's claim raises only a state law issue that does not provide a basis for federal habeas relief.

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). This is because "a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053,

1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *Branan*, 861 F.2d at 1508.

A challenge to the state court's jurisdiction based on an information's conformance with the state constitution or state rules of criminal procedure is a purely state law issue. *See, e.g.*, *Masburn v. Sec'y, Dep't of Corr.*, No. 4:12-cv-289-RS-EMT, 2014 WL 6882628, at *19 ("A state court's jurisdiction, based upon the charging document's alleged failure to comply with state constitutional provisions, statutes and procedural rules, is a matter of state law that is not properly considered on federal habeas review."); *Wright v. Crews*, No. 4:11-cv-4-RS-CAS, 2013 WL 5658328, at *12 (N.D. Fla. Oct. 16, 2013) (same). Accordingly, this claim is not cognizable in a federal habeas corpus proceeding and thus fails to provide a basis for federal habeas corpus relief. *See Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Further, Petitioner is not entitled to relief on Ground One because his claim is wholly without merit. The Eleventh Circuit has stated, "[t]he

sufficiency of a state indictment or information is not properly the subject of

federal habeas corpus relief unless the indictment is so deficient that the

convicting court is deprived of jurisdiction." *DeBenedictis v. Wainwright*,

674 F.2d 841, 842 (11th Cir. 1982); *see also Sneed v. Fla. Dep't of Corr.*,

496 F. App'x 20, 23–24 (11th Cir. 2012).

Petitioner's Information is not deficient based on the alleged omission

of Petitioner's name from each count of the Information. An examination of

the Information reveals that Petitioner's name, race, gender, date of birth,

and social security number are listed in the caption as a defendant and that

the Information charges "the above-named defendant(s)." (ECF No. 10-1 at

9.) Thus, Petitioner was adequately put on notice that he was being

charged with all three counts of the Information, along with the other two

defendants listed in the caption, because he was clearly incorporated by

reference in each charge.

Additionally, the Information was also not deficient for any other

reason. "If an indictment specifically refers to the statute on which the

charge was based, the reference to the statutory language adequately

informs the defendant of the charge." *United States v. Fern*, 155 F.3d

1318, 1325 (11th Cir. 1998). "Moreover, the constitutional standard is

fulfilled by an indictment that tracks the wording of the statute, as long as

the language sets forth the essential elements of the crime." *Sneed*, 496 F.

App'x at 23 (quoting *United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th

Cir. 2006)).

Petitioner's Information meets this standard. Each count of the

Information specifically refers to a Florida statute (Fla. Stat. § 810.02(2)(b)

for Count 1, and Fla. Stat. § 812.014(2)(c)5 for Counts 2 and 3), and the

wording of the Information adequately tracks the wording of the statutes,

setting forth the elements of each crime.[2] (*See* ECF No. 10-1 at 9.)

Accordingly, the Information was constitutionally adequate. *See Sneed*,

496 F. App'x at 23; *Fern*, 155 F.3d at 1325.

Accordingly, Petitioner has failed to show that the state court's

---

[2] For example, Count 1 of the Information reads as follows:

On or about January 6, 2013, did unlawfully enter or remain in a
conveyance, a white Toyota truck, the property of Justin C. McKinnon,
with the intent to commit the offense of theft or some offense therein, and
in the course of committing the offense was armed or became armed
within the conveyance with a firearm, a dangerous weapon, which the
defendant actually possessed, contrary to Section 810.02(2)(b), Florida
Statutes.

(ECF No. 10-1 at 9.) This language closely mirrors the statutory language, which
provides that "[b]urglary is a felony of the first degree . . . if, in the course of committing
the offense, the offender . . . [i]s or becomes armed within the dwelling, structure, or
conveyance, with explosives or a dangerous weapon." Fla. Stat. § 810.02(2)(b).

rejection of his claim was based on "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to federal habeas relief as to Ground One. *See Dishman v. Jones*, No. 4:12CV485-WS, 2015 WL 3952670, at *20–21 (N.D. Fla. June 29, 2015) (denying federal habeas relief where charging instrument clearly named the defendant in the caption and charged "the above-named defendant" with each count); *Harrison v. Crews*, No. 4:12CV451-RH/CAS, 2014 WL 6804471, at *6–7 (N.D. Fla. Dec. 3, 2014) (same).

**Ground Two: Petitioner's claim that the trial court lacked subject matter jurisdiction due to the prosecutor's failure to obtain sworn testimony from all material witnesses in support of the Information also fails to provide a basis for federal habeas relief.**

Petitioner contends that the trial court lacked subject matter jurisdiction because the prosecutor did not obtain sworn testimony from material witnesses to support the Information. Petitioner argues that failure to do so "creates a fact of fraud." As a result, Petitioner says that his right to due process was violated under both the Florida Constitution and the U.S. Constitution (ECF No. 1 at 8–9.)

The state court addressed this claim when it denied Petitioner's Rule 3.850 motion. Specifically, the court stated, "A claim as to the technical deficiency in the information such as this is waived by the defendant's plea of no contest. Defendant's conclusory claim is . . . refuted by the record. A sworn probable cause affidavit is contained in the court file. (*Attachment D - probable cause affidavit*) That affidavit standing alone was sufficient to justify the filing of an information." (ECF No. 10-1 at 79) (citations omitted). The First DCA affirmed. (*Id.* at 104, 106.)

To the extent that Petitioner challenges the trial court's jurisdiction based on the allegation that his Information failed to comply with state law—specifically Rule 3.140(g) of the Florida Rules of Criminal Procedure[3]—Petitioner's second claim also raises only a state law issue

---

[3] This rule provides the following:

An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.

Fla. R. Crim. P. 3.140(g).

that does not provide a basis for federal habeas relief. *See Townley v. Crews,* No. 3:12cv484/RV/EMT, 2014 WL 1246132, at *3 (N.D. Fla. Mar. 25, 2014) (stating that the claim that the charging document was not based on sworn testimony from a material witness in accordance with the Florida Constitution, Florida States, and Florida Rules of Criminal Procedure was a purely state law issue not cognizable in a federal habeas corpus petition); *Watson v. Buss*, No. 4:08cv428/SPM/EMT, 2011 WL 4102776, at *12 (N.D. Fla. Mar. 15, 2011) (stating that the claim that the charging document was deficient for failing to comply with Rule 3.140(g) and therefore deprived the state court of jurisdiction was a purely state law issue), *report and recommendation adopted*, 2011 WL 4090681 (N.D. Fla. Sept. 14, 2011); *see also Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Further, the fact that Petitioner also asserts that this alleged deficiency resulted in a violation of his constitutional rights does not mean that it is a cognizable claim in a federal habeas corpus petition. *See Branan*, 861 F.2d at 1508 ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is

couched in terms of equal protection and due process.").

Moreover, even if Petitioner's claim raised more than a state law issue, Petitioner's claim is without merit. As discussed above, "[t]he sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment is so deficient that the convicting court is deprived of jurisdiction." *DeBenedictis*, 674 F.2d at 842. As the state court noted, there was a sworn probable cause affidavit to support the Information, which was a sufficient basis for filing the Information. (ECF No. 10-1 at 96–98.) Additionally, this probable cause affidavit included statements by Cole Gray and Justin McKinnen, the two individuals from whom Petitioner alleged the prosecutor did not have sworn statements. (*Id.* at 97.) The Information, therefore, was not so deficient as to deprive the state court of jurisdiction.

Accordingly, Petitioner has failed to show that the state court's rejection of his claim was based on "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to federal habeas relief as to Ground Two.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the

Petition for Writ of Habeas Corpus, ECF No. 1, should be **DENIED**, and

that a certificate of appealability should be **DENIED**.

      **IN CHAMBERS** this 8th  day of August 2017.

              *s/Gary R. Jones*

              GARY R. JONES
              United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.